## NEW YORK LIFE INS. CO. v. ROE et al.

District Court, W. D. Arkansas, E. D.
April 11, 1938.

Rose, Hemingway, Cantrell & Loughborough (by A. F. House), all of Little Rock, Ark., for plaintiff.

Pace & Davis and Buzbee, Harrison, Buzbee & Wright (by H. T. Harrison), all of Little Rock, Ark., for defendants.

TRIMBLE, District Judge.

The plaintiff, New York Life Insurance Company, at various dates issued policies of insurance on the life of Joseph Roe, in which Loraine · Roe and the other defendants are named as beneficiaries. The several policies carried a provision for the payment of double indemnity "upon receipt of due proof that the death of the insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent or accidental means, and occurred within ninety days after such injury." ·

On the ———— day of October, 1937, while the policies of insurance were in full force and effect, Joseph L. Roe died. The beneficiaries made claim for the face of the policies, and also for double indemnity, on the ground that the insured's death resulted accidentally, within the meaning of the double indemnity clause of the policies.

Plaintiff paid the death benefits provided for in the policies, but denied liability to the defendants as to the double indemnity provision.

The defendants thereupon notified the plaintiff of their intention to commence suit against it for the recovery of the double indemnity benefits. Upon receipt of this notice the plaintiff brought suit for a declaratory judgment under the Declaratory Judgment Act, approved June 14, 1934, Judicial Code, § 274d, as amended, 28 U.S.C.A. § 400, setting up, among other things, the issuance of the contracts of insurance, the death of the insured, and that the defendants were asserting claims under the double indemnity provision of the policies, to which the plaintiff alleges they are not entitled, asking the court to declare the rights of the parties, and to restrain the defendants from instituting any proceedings on their own account to recover on the policies.

The defendants filed a motion to dismiss, challenging the sufficiency of the complaint to state grounds for relief under the Declaratory Judgment Act, asserting that the rights of the parties can be more efficiently and expeditiously adjudicated and enforced in accordance with regular proceedings in an action at law, and invoking the exercise of the court's discretion.

Laying on one side the question of whether the complaint states an actual controversy of which this court can assume jurisdiction under the Declaratory Judgment Act, the court is of the opinion, from the facts shown in the correspondence between the parties, that the plaintiff brought this action in anticipation of the defendants' commencing an action at law for the purpose of adjudicating the simple issue presented by the complaint in this proceeding as to whether plaintiff is liable to the defendants under the double indemnity provision of the several policies sued on.

I do not think in the passage of the declaratory judgment statute it was contemplated that the courts, in the exercise of sound discretion, would assume jurisdiction in a case of this character. I adopt the views of Judge Parker in the case of Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 324, wherein he states: "Whether the remedy shall be accorded one who petitions for it is a matter resting in the sound discretion of the trial court, to be reasonably exercised in furtherance of the purposes of the statute."

Further, that "the object of the statute is to afford a new form of relief where needed, not to furnish a new choice of tribunals or to draw into the federal courts the adjudication of causes properly cognizable by courts of the states," and that the declaratory statute should not be used and the rights thereunder exercised for the purpose of anticipating a trial of the issue in a court of co-ordinate jurisdiction.

In the case of Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 229, 57 S. Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, we find a typical case falling under the declaratory statute and not the character of case that is now before the court.

In accordance with the views expressed, the court is of the opinion that the motion to dismiss, in the exercise of the court's sound discretion, should be sustained.

With respect to the plaintiff's prayer that the court enjoin the defendants from instituting proceedings at law to recover on the policies pending a review by the Circuit Court of Appeals of the court's ruling in this proceeding, the court is of the opinion that inasmuch as such an action would be one in personam, seeking only a monetary judgment, there is no basis for an injunction during the pendency of the appeal. Kline et al. v. Burke Const. Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077.

The motion to dismiss will be sustained, and the prayer for an injunction denied.