**MUTUAL BEN. HEALTH & ACCIDENT ASS'N v. FORTENBERRY et al.**

**No. 8512.**

Circuit Court of Appeals, Fifth Circuit.
Aug. 23, 1938.

W. H. Watkins, Jr., of Jackson, Miss., for appellant.

J. Ed. Franklin, of Jackson, Miss., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought this suit to rescind and cancel a policy of life, accident and health insurance, issued to Adolphus N. Fortenberry, in which his wife was named as beneficiary. Appellees moved to dismiss the suit on the grounds that the amount in controversy does not exceed $3000, exclusive of interest and costs and the bill is without equity. The District Court sustained the motion and dismissed the suit without written opinion. The appeal is from that judgment.

The suit was filed April 1, 1937. The bill alleges diversity of citizenship, which is not disputed, and shows the following material facts. The policy issued October 2, 1936, for an initial premium of $10, and quarterly premiums of $7 thereafter. It provides for death indemnity of $1250, increasing at the rate of $125 yearly, if the policy is kept in force, until the maximum of $2500 is reached. It provides for payment of various amounts to the insured for specified injuries resulting from accidents, to be doubled under certain conditions. It provides for the waiver of future premiums, if the insured becomes totally disabled, during the continuance of the disability. It does not contain the usual incontestable clause found in standard life policies.

The bill further alleges that the insured, claiming total and permanent disability, filed a claim for $50 a month indemnity, under which $100 was due on March 2, 1937; that the insured was 51 years of age with a life expectancy of at least 20 years, which if realized would entitle him to total payments of at least $12,000; and that, because of the waiver of premiums, plaintiff was required by law to establish and maintain a reserve in excess of $3000 on account of the claim. By appropriate allegations the bill also alleges fraud in the procurement of the policy and that no suit had been brought to recover on the policy.

Whether the District Court had jurisdiction depends upon the allegations that the life expectancy of the insured is 20 years which if realized would entitle him to a total payment of $12,000, to protect which plaintiff is required by law to set up a reserve exceeding $3000. It must be conceded that if plaintiff had brought suit in a state court to collect instalments amounting to less than $3000 it would not have been removable. Wright v. Mutual Life Ins. Co., 5 Cir., 19 F.2d 117; Mutual Life Ins. Co. v. Wright, 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726. But a different question is presented in this case. Here the insurance company is suing to cancel the policy to protect its rights under the whole contract. In that aspect obligations it may be compelled to pay in the future are not merely contingent and enter into the amount in dispute. In determining what they are the life expectancy of the insured may be considered. Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347; Brotherhood of Locomotive Firemen and Enginemen v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219; New York Life Ins. Co. v. Swift, 5 Cir., 38 F.2d 175; Jensen v. N. Y. Life Ins. Co., 8 Cir., 50 F.2d 512. There are other cases to the same effect but it is unnecessary to cite them. Cases to the contrary cited by appellee are not controlling.

It is elementary that equity has jurisdiction to cancel a contract on the ground of fraud. It is true that the defense of fraud may be interposed in a suit at law. If a suit has been brought to enforce a contract of insurance that affords an adequate remedy which defeats jurisdiction in equity of a separate suit to cancel the policy. But that is beside the question presented in this case. Here the bill alleges no suit has been brought on the policy. That it may be subsequently brought is of no moment. The insurer is not bound to wait upon the insured to bring suit to take advantage of his defense of fraud. A remedy that may be availed of only at the pleasure of the other party is not a remedy at all. The District Court had jurisdiction in equity of this suit. Massachusetts Protective Ass'n v. Kittles, 5 Cir., 2 F.2d 211; New York Life Co. v. Swift, 5 Cir., 38 F.2d 175. That the policy in suit did not contain an incontestable clause does not affect the jurisdiction.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.