BALLARD et al. v. MUTUAL LIFE INS. CO. OF NEW YORK.

No. 9197.

Circuit Court of Appeals, Fifth Circuit.

Jan. 27, 1940.

389

Chester H. Ferguson, of Tampa, Fla., and Frederick H. Mellor, of Fort Myers, Fla., for appellants.

Robt. W. Shackleford, of Tampa, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is (1) from an order denying appellants' motion to dismiss appellee's complaint in an original action for a declaratory judgment, and (2) from an order in an ancillary proceeding granting a temporary injunction restraining the prosecution by appellants of two civil actions in the state courts of Florida.

■ The order overruling the motion to dismiss the original action is not a final judgment or decree from which an appeal is allowed to this court. Therefore, the appeal from such an order should be, and hereby is, dismissed.[1]

The appeal from the order granting a temporary injunction is properly before us and presents two questions: (1) whether the amount in controversy was sufficient to give the district court jurisdiction, and

(2) whether the issuance of the injunction may be upheld.

The original complaint in the court below, filed by appellee, sought a declaratory judgment to determine the rights and legal relations between the parties under two insurance policies, with particular reference to waivers of premiums and payments of disability benefits on account of insured's alleged total and permanent disability. The policies were on the life of Elmo M. Ballard for $5,000 and $10,000, respectively, with certain provisions for waivers of premiums and for disability benefit payments at the rate of $10 a month for each $1,000 of insurance, as defined and set forth therein.

■ It is suggested that the federal district court was without jurisdiction to grant the interlocutory injunction in this case, because the sum of the amounts involved in both cases in the state courts was less than $3,000, but that is not the test of jurisdiction in this proceeding. We look to the original suit in the federal court, and, if the amount there is sufficient, the jurisdiction in the main case will support the ancillary jurisdiction in the federal court without reference to the amount in controversy in the latter proceeding.[2]

■ The declaratory action originally instituted by appellee (now pending in the court below) sought to relieve the plaintiff from the claim of the insured that he was entitled to receive disability payments and to have the policies maintained in force under the disability provisions thereof without payment of premiums thereon. This claim (from the asserted liability for which the plaintiff asked to be relieved) was alleged to be in excess of $3,000, and, since the insured is only forty-two years of age, has a reasonable life expectancy of many years, and is alleged to be totally and permanently disabled, it appears to us that the value of his claim is not overstated. The amount in controversy is the value of the claim which the company is seeking to have cancelled in the court below, not the amounts sued for in the state courts. Accordingly, the suggestion of lack of jurisdiction in the court below to issue the temporary injunction is overruled.[3]

---

[1] 28 U.S.C.A. § 225. Cf. Street & Smith Publications, Inc. v. Spikes, 5 Cir., 107 F.2d 755.

[2] Dobie on Federal Procedure, Section 84, pp. 322–331, and authorities cited.

[3] Brotherhood of Locomotive Firemen & Enginemen v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219; Mutual Benefit Health & Accident Association v. Fortenberry, 5 Cir., 98 F.2d 570; C. E.

The final question is whether the appellee had the equitable right to enjoin the further prosecution of the two cases in the state courts, both of which had been filed before the action for a declaratory judgment was instituted in the federal court. We think not, because the Declaratory Judgments Act gives a concurrent or cumulative remedy, not an exclusive one;[4] and it did not engraft another exception on the statute which imposed a limitation upon the general equity powers of the federal courts with reference to enjoining proceedings in state courts.[5] This statute serves a good purpose, and should not be whittled away with exceptions.[6]

The interlocutory order of the district court directing the issuance of a temporary injunction is reversed, the injunction dissolved, and the cause remanded for further proceedings not inconsistent with this opinion.

---

Carnes & Co. v. Employers' Liability Assurance Corporation, Ltd., 5 Cir., 101 F.2d 739; Rydstrom v. Massachusetts Acc. Co., D.C., 25 F.Supp. 359.

4 Jud.Code, § 274d, as amended, 28 U.S.C.A. § 400; Allen v. American Fidelity & Casualty Co., 5 Cir., 80 F.2d 458; Carpenter v. Edmonson, 5 Cir., 92 F.2d 895; Travelers Ins. Co. v. Helmer, D.C., 15 F.Supp. 355.

5 Jud.Code, § 265, 28 U.S.C.A. § 379; Smith v. Apple, 264 U.S. 274, 44 S.Ct. 311, 68 L.Ed. 678; Woodmen of the World v. O'Neill, 266 U.S. 292, 45 S.Ct. 49, 69 L.Ed. 293.

6 Simon v. Southern Railway, 236 U.S. 115, 123, 124, 35 S.Ct. 255, 59 L.Ed. 492.