## TRAVELERS INS. CO. v. WECHSLER et al.
### No. 201-M.

District Court, S. D. Florida, Miami Division.
Aug. 1, 1940.

McKay, Dixon & DeJarnette, of Miami, Fla., for plaintiff.

Ben Shepard, of Miami, Fla., for defendants.

WALLER, District Judge.

This case stands on motion of defendants to dismiss the original and supplemental complaint.

At the threshhold of this case there is met the question of the jurisdictional amount involved in the controversy. Plaintiff alleges in general terms that the amount in controversy exceeds the sum of $3,000, exclusive of interest, etc., but the defendant contends that the complaint and the exhibits thereto disclose that the amount in controversy is much less. The complaint alleges in substance the following:

1. The issuance of two life insurance policies containing disability benefits, with waiver of premiums upon disability within the terms of the policies.

2. That "said policies and each of them are now in full force and effect and are a present obligation of the plaintiff".

3. That the insured made claim for disability benefits in April, 1927. Claim was approved by the company December 20, 1927, and the company paid the benefits up to and including May 20, 1933.

4. That the company waived payment of premiums which matured during the period between December 20, 1927, to and including May 20, 1933.

5. That on May 20, 1933, the plaintiff withdrew the benefits theretofore paid to the insured.

6. That the defendant had filed five suits against the company in the state courts of New York, three of which suits resulted in judgments in favor of the insured, which judgments have been paid and satisfied.

7. That two of said suits were pending at the time of the filing of the complaint in the instant case.

8. That defendant claims and continues to claim that he is entitled to disability benefits and waiver of premiums.

9. Plaintiff denies the claims and contends the insured ceased to be permanently and totally disabled under the provisions of the policy, and that the defendant "is not now totally and permanently disabled". The date of alleged cessation of disability is not set out.

10. Plaintiff contends that it is without liability under the terms of the contract to make payment of the monthly benefits and without liability or obligation to waive the payment of premiums.

11. That the plaintiff should now be advised whether it is entitled to receive premiums or whether it should be required to waive the payment of premiums and retain

said contracts in full force and effect by reason of the alleged total and permanent disability.

12. That the defendant plans and intends to bring further action against the company under the policies.

13. That the defendant in such an event "may at his will dismiss such actions and delay further action wherein the plaintiff could prove the absence of disability".

14. That defendant's wife, the beneficiary in the policies, would not be a party to any suit at law for the disability benefits and will not be bound by a judgment against her husband.

15. That the face amount of the two policies totals $5,000.

16. That it is possible for the defendant to engage in vexatious litigation against the plaintiff, etc.

17. That the amount in controversy exceeds $3,000 and that the plaintiff was required by law and proper actuarial practice to maintain a reserve in excess of $3,000 against the claims and liabilities under said policies until the rights of the company are finally determined.

18. That a controversy now exists between the plaintiff and the defendants under the contracts of insurance and that the plaintiff is entitled to have its rights and legal relations determined under Section 400, U.S.C.A. Title 28.

19. In a supplement to the complaint plaintiff alleged that since the filing of the present suit defendant has filed two additional suits in the courts of New York for disability benefits under the policies, and that defendant is engaging in vexatious litigation, causing unreasonable expense and trouble, and an injunction is sought against the defendant from maintaining any action at law against the plaintiff in any other court with respect to the subject matter of the litigation.

20. Bill of particulars filed by the plaintiff shows suit begun in New York September 1, 1937, for disability benefits accruing from February 21, 1937, to August 20, 1937, and two actions commenced in the courts of New York January 3, 1939, resulting in judgments in all three of the above actions in favor of the insured on January 2, 1940. The judgments were appealed, affirmed, and satisfied. Four suits are now pending in the state of New York, seeking recovery of said disability benefits.

The plaintiff admits that the amount of the disability payments of $50 per month provided for in the policy, presently claimed to be due insured, are far below the requisite jurisdictional amount, but the plaintiff contends that it is required to maintain a reserve, under the law of the state of its domicile, for the protection of the liability of the policy, which reserve is considerably in excess of $3,000. It was orally argued by counsel that the face value of the policy was drawn into question because it was asserted that if the insurance company was not legally required to waive payment of premiums then the policies would have lapsed and, therefore, insofar as Mrs. Wechsler, the wife of the insured, is concerned, there is presented to the court a controversy involving $5,000, or the face amount of the two policies.

■ It would seem, however, that the question of whether or not the policies have lapsed is not presented by the record because in the complaint there is found the following allegation: "Plaintiff alleges that said policies, and each of them, are now in full force and effect and are a present obligation of the plaintiff according to the several terms and provisions of said policies, * * *." In view of the above allegation of the complaint it is clear that the face value of the policies cannot be considered in determining the jurisdictional amount.

■ Neither the age nor the life expectancy of the insured was alleged in the complaint. It seems to have been conceded by counsel for both parties that any finding on the question of whether or not the insured is totally and permanently disabled within the provisions of the policy would only determine the present physical condition of the insured, but would not foreclose the insured's right to recover such benefits in the future, should disability occur. It does not appear that the alleged disability of the insured is an irremediable disability such as the loss of the insured's limbs might be. In the absence of an admission that the insured has a total and permanent disability, and in the absence of a disability such as on its face would show its totality and permanency, the amount of the disability benefits of the policies could not be computed according to the age and life expectancy of the insured so as to reveal an amount in controversy in excess of $3,000.

It is conceded that the court has jurisdiction generally, through the instrumentality of a declaratory judgment, to determine the rights of an insurer and the insured on the question of disability benefits in a life insurance policy where the amount in controversy and the other requisite jurisdictional facts are made to appear. See Aetna Life Insurance Company v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. But in the cited case no action had been brought by the insured to determine the question of liability or to declare the rights of the parties. In the present case seven suits have been filed by the insured against the insurer, and in three of those cases courts of competent jurisdiction have declared that the insured was disabled within the terms of the policy so as to entitle him to the disability benefits. Two other suits were pending at the time of the filing of the complaint herein to determine the rights of the insured and the insurer as same may have accrued since the former final judgments. No question is raised as to the jurisdiction of the courts in which the two suits are pending over the subject matter or the parties.

Two suits have been filed for the same purpose since the filing of the complaint in the instant case.

It does not appear, therefore, that the plaintiff has not had and does not still have opportunities for courts of competent jurisdiction to determine the question of the liability of the plaintiff to pay the disability benefits claimed by the insured. The federal courts have no more power or ability to determine the insured's physical condition now or in the future than has the state court, and its facilities for passing on the fact as to whether the insured is totally disabled are no greater than the facilities of state courts for such purpose. The state courts of New York acquired jurisdiction of the subject matter and the parties, in the two suits filed before this action was brought, prior to the jurisdiction, if any, of this court, and it seems to be conceded that the federal court in Florida would not enjoin those two suits, although, perhaps, the two suits filed since the commencement of the present action might be enjoined if it became necessary to protect the jurisdiction of this court.

In view of the fact that the rights of the parties have been heretofore declared in three suits in New York, and the same rights are involved in two pending suits filed prior to the present suit, it seems that no sufficient showing is made to this court for a declaratory judgment. Particularly is this true when it is conceded that any judgment of this court will only determine any unadjudicated rights of the parties or condition of the insured up to the date of the filing of the complaint herein.

It is appropriate that we advert again to the question of the jurisdictional amount involved. It will be observed that the policies in question were taken out in 1922 and 1923. It is alleged that disability claim was made in April, 1927; that the company recognized the disability as of December 20, 1927, and paid the benefits provided for in the policies up to and including May 20, 1933, so that the policies were unquestionably in effect from 1922 and from 1923 to May 20, 1933, during which time premiums were waived and the cash value and paid-up insurance accrued to the extent that on May 20, 1933, the two policies had a cash and loan value of approximately $1,250. The policies had a paid-up insurance value of approximately $1,650. These rights admittedly had accrued. The rights to the cash and loan value or the paid-up insurance are not in this case brought into controversy, or are not in dispute. The reserve to the extent of these admitted rights must still be maintained and could not in this case be the subject of controversy or relate to the amount in controversy. It further appears that judgments were rendered by courts of competent jurisdiction in the State of New York on actions brought on January 3, 1939, resulting in judgments for the insured, which judgments are now res adjudicata and which had the effect of determining that the cash surrender value or paid-up insurance, as late as January 3, 1939, had to that date accrued. The cash surrender value on January 3, 1939, would be approximately $1,900. The paid-up insurance value on January 3, 1939, would be approximately $3,800, so that in January, 1939, the right of the defendant became fixed as to the cash surrender value or the paid-up insurance when the court of New York held that the insured was totally disabled within the provisions of the policy. The rights of the defendants to paid-up insurance or cash surrender value as same had accrued up to January 3, 1939, cannot here be in

controversy. The reserve to keep in force these fixed rights in cash surrender value or paid up insurance must be maintained regardless of the outcome of this litigation. The amount necessary to maintain the appropriate reserve for these fixed rights is not shown. The complaint alleges that the plaintiff is required to keep and maintain a reserve in excess of $3,000, but the amount of the reserve allocable to fixed rights, as distinguished from future contingencies due to liability, is not alleged.

The court holds, therefore, that even if the reserve required to be kept for the protection of said policies can be considered in determining the jurisdictional amount involved, the allegations of the complaint that plaintiff is required to maintain a reserve in excess of $3,000 are insufficient, since the amount of reserve allocable to the contingent liabilities of the policies, due to disability, as distinguished from the fixed and admitted liabilities, accrued in cash value and paid-up insurance, is not shown. In the present case it would not seem that the reserve to maintain the death benefits should be considered in determining the amount in controversy for the reason that the complaint alleges, in paragraph 4, that "said policies, and each of them, are now in full force and effect and are a present obligation of the plaintiff", etc.

Perhaps a different situation would be presented if the plaintiff had alleged that the policies were void or had been forfeited for lack of payment of premiums, but in the instant case the company alleges that the policies are in full force and effect, and under this allegation it seems that it would be necessary for the plaintiff to maintain a reserve which the law requires to be set up for policies in full force and effect. How could the court relieve the insurance company from maintaining a reserve against a policy in full force and effect? It seems to follow that if a policy is in full force and effect the reserve must be maintained, and that the only question here involved is whether or not the insured is entitled to recover the monthly disability payments under the policy from December 20, 1939 (the last day of the period embraced in the suits filed in New York before the present action was brought), or, at most, the only actual amount involved would be the benefits accruing and unpaid since the period covered by the judgments in the courts of New York rendered on January 2, 1940.

For the foregoing reasons motion to dismiss should be granted, with the right in the plaintiff to amend as it may be advised within twenty days from the signing of an appropriate order to be prepared and submitted.