## TRAVELERS INS. CO. v. WECHSLER.
### No. 201—M.

District Court, S. D. Florida, Miami Division.

Sept. 20, 1940.

722

McKay, Dixon & DeJarnette, of Miami, Fla., for plaintiff.

Ben Shepard, of Miami, Fla., for defendants.

WALLER, District Judge.

A motion to dismiss the complaint was heretofore sustained and the plaintiff allowed to amend. The plaintiff having filed an amended complaint, the motion to dismiss the original complaint was, by consent, considered as addressed to the complaint as amended.

The amended complaint seeks a declaratory judgment as to the rights of the parties under the two policies of insurance providing for waiver of premiums and payment of Fifty Dollars per month in the event of total and permanent disability. The facts pertinent to the present consideration, as alleged in the complaint, are:

1. The rendition of judgments in 1940 in three suits theretofore filed in the State Courts of New York in favor of the insured against the defendant, requiring the payment of disability benefits.

2. The present pendency of four suits in the State Courts of New York seeking the payment of said disability benefits.

3. The life expectancy of the insured, multiplied by the annual disability payments as same relates to the jurisdictional amount in controversy.

4. An allegation that the plaintiff is required to maintain a reserve in excess of Three Thousand Dollars against the liability of said disability payments.

5. That the defendants and the chief witnesses reside in Florida.

6. That defendants can continue to subject plaintiff to vexatious litigation which defendants can institute in any State where plaintiff does business, and that the control of such suit would be largely in the hands of the defendant to be dismissed by the defendant at his pleasure.

7. That a remedy in equity would be more adequate, complete, and convenient, etc.

8. That a suit by the insured to recover the monthly disability benefits would not be binding on the insured's wife, the beneficiary in the policies.

9. That the disability asserted by the insured is "a pain in the head" (as distinguished from an obvious disability or an affliction known to be incurable).

The complaint does not:

1. Assert the invalidity of the policies or the provisions for disability benefits.

2. Seek the cancellation of the policies or the provisions for disability benefits.

3. Allege that the premiums are not paid or that the policies are not in full force.

On the previous hearing (see opinion rendered herein on August 1, 1940, 34 F.Supp. 717) the Court was of the opinion:

(a) That the original complaint did not show that the amount in controversy exceeded the sum of $3,000 exclusive of interest and costs.

(b) That in view of the fact that three judgments had been obtained by the insured against the plaintiff in the State Courts of New York prior to the filing of the complaint in the instant case, and that two suits by the insured were pending against the plaintiff in the State Courts of New York at the time of the filing of the complaint, and that two suits had been filed by the insured against the plaintiff since the filing of the original complaint (as shown by the supplement to the complaint), a proper case was not presented calling for a declaratory judgment.

The allegations in reference to the amount in controversy in the amended complaint appear to be in conformity with the jurisdictional allegations approved by the Fifth Circuit Court of Appeals in the case of Ballard v. Mutual Life Insurance Company, 109 F.2d 388.

In the Ballard case, however, there appears to have been no consideration, nor discussion, of a feature that appears in the instant case. Here no relief by way of cancellation of the disability provisions of the policies is sought, but only a declaration as to whether or not the insured is totally disabled. It is conceded by counsel for both parties, and supported by the weight of au-

thority, that any inquiry can only be as to the physical condition of insured at the time of the filing of the complaint. A declaratory decree could settle nothing more than the present rights of the parties in this case. The insured's physical condition might change for better or worse before the ink is dry on the Court's decree. The Court cannot engage in diagnostic prophecy as to an alleged disability that is not apparent or patent, the totality and permanency of which the complaint denies. We may assume that this Court would by decree establish the insured's lack of present disability within the terms of the valid and outstanding policies; there would then be nothing to prevent insured, upon alleging an adverse change in physical condition, from instituting seven more suits in the next succeeding seven years, as he has done since 1933. In the absence of a showing, or effort, to cancel the policies, as in Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, or in the absence of allegations of lapse of the policies by failure to pay premiums, or in the absence of an admission of total and permanent disability, but in denial thereof, it is difficult to see how the life expectancy of the assured, multiplied by the yearly disability benefits contained in the policies, or the reserve to be maintained under the policies, could either be computed to supply the requisite amount in controversy. The insured has never claimed the right to recover the reserve. The insurer will continue to have both the title and the possession of the reserve. In the Ballard case, supra [109 F.2d 389], the Court refers to "the value of the claim which the company is seeking to have *cancelled*." (Italics added.) No claim is sought to be *cancelled* in the present action other than the monthly disability benefits that had accrued, at the rate of Fifty Dollars per month, from the period covered in the last final, and paid, judgment in the New York Courts (1939) to the date of the filing of the present complaint. The claim to be "cancelled", therefore, is much less than Three Thousand Dollars. The present case seems clearly distinguishable from the case of Ballard v. Mutual Life Insurance Company, supra. It is distinguishable from the case of Mutual Benefit Health & Accident Ass'n v. Fortenberry, 5 Cir., 98 F.2d 570, in that a cancellation of the policy was therein sought, which is not the case here. The same is true in Aetna Life Insurance v. Haworth, supra.

■ I hold, therefore, that the facts set out in the complaint negative the general allegation therein that the amount in controversy exceeds Three Thousand Dollars, etc. It follows that this Court is without jurisdiction.

There is another reason why the plaintiff's action should be dismissed.

Whether it be a paradox or an incongruity, it would not seem that a plaintiff could complain in one paragraph of past, present, and future vexatious litigation between the same parties and over the same subject matter, in that it has been subjected to three judgments in the State Court with four suits presently pending, and then seek a declaratory judgment in the next paragraph of the same complaint. In short, it appears that the plaintiff's difficulty is that its rights have been declared too frequently and too adversely, rather than that such rights have not been, or ought now to be, declared. It would appear that it seeks merely a *different* declaration of the rights of the parties.

■ It is believed that the purpose of the declaratory judgment statute, Jud.Code § 274d, 28 U.S.C.A. § 400, is to adjudicate rights of parties who have not otherwise been given an opportunity to have those rights determined. See United States Fidelity & Guaranty Company v. Koch, 3 Cir., 102 F.2d 288; Aetna Casualty & Surety Company v. Quarles, 4 Cir., 92 F.2d 321; New York Life Insurance Company v. Roe, D.C., 22 F.Supp. 1000; American Automobile Insurance Company v. Freundt, 7 Cir., 103 F.2d 613. It will be observed that in the case of Aetna Life Insurance Company v. Haworth, 300 U.S. 227, 57 S. Ct. 461, 463, 81 L.Ed. 617, 108 A.L.R. 1000, which is one of the leading cases sustaining the propriety of declaratory judgments in disability policies, the following pertinent statement is found: "Defendants have not instituted any action wherein the plaintiff would have an opportunity to prove the absence of the alleged disability," etc.

■ For the above reasons, as well as for the reasons set forth in the opinion of the Court filed in the said cause on the 1st day of August, 1940, 34 F.Supp. 717, the Court is of the opinion that this case is not a proper one for a declaratory judgment, even though the requisite amount in controversy had been made to appear.

From the foregoing it appears that the complaint should be dismissed.