## TRAVELERS INS. CO. v. GREENFIELD.

### No. 11463.

Circuit Court of Appeals, Fifth Circuit.

April 5, 1946.

James A. Dixon, of Miami, Fla., for appellant.

Phares N. Hiatt and Abe Aronovitz, both of Miami, Fla., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

The Insured, claiming a continuance of an alleged total and permanent disability for which he had, from March, 1936, to April, 1944, received disability payments and waiver of premiums, sought in the Court below a declaratory judgment approximately five months after the Insurance Company had discontinued waiving premiums and making disability payments of $103.27 per month. The Plaintiff's suit was filed September 6, 1944, and the maximum amount of disability payments that could have accrued up to the time of filing the suit was $515.35. No premium had become due meanwhile and the policy was still in force. Plaintiff also claimed the right to be paid a reasonable Attorney's fee. In an effort to show the jurisdiction of the Court the Plaintiff alleged:

"That this is a suit in controversy between the citizens of different States and the value of the object sued by the Plaintiff herein exceeds, exclusive of interest and costs, the sum of $3,000.00, to-wit: the life expectancy of the Plaintiff is more than six years, and the disability payments required to be paid by the Defendant to the Plaintiff, as hereinafter alleged, will be in the sum of not less than $3,100.00; that the reserve fund set aside by the Defendant as of the date, to wit: the 17th day of March, 1944, on which the Defendant failed and refused to pay the disability benefits herein required to be paid under the terms and conditions of the policies hereinafter referred to, was in a sum greater than $3000.00, and the sum required to be set aside as a reserve fund, under the rules and regulations of the Insurance Commissioner of the State of Connecticut upon permanent total disability of the Plaintiff, as hereinafter alleged, is a sum greater than $3000.00; that under the terms of the policy, payment of premiums by the Plaintiff to the Defendant is waived, but, nevertheless, although the Plaintiff is permanently and totally disabled within the meaning of said insurance policy, the Defendant requires the Plaintiff to pay said premiums; that should Plaintiff fail to pay, or be unable to pay such premiums, the Defendant will consider that the said policy has lapsed, due to the failure on the part of the Plaintiff to pay the premiums; that such threat is equivalent to a threat of cancellation of said policies, and thereby brings into controversy the entire face value of said policies which exceed $3000.00; and, further, that the cash surrender value of said policies is in excess of $3000.00."

After alleging the issuance of the policies and their provisions, the Plaintiff alleged that they were each in full force and effect; that the Company had paid disability benefits and waived premiums from March, 1936, until the 17th of March, 1938, when it discontinued making such payments; that upon the cessation of payments the Defendant instituted a suit for a declaratory judgment against the Plaintiff in the District Court of the United States for the Southern District of Florida which resulted in a decree of the Court adjudging the Plaintiff to be wholly disabled, and that he had been continuously and wholly prevented for life, by reason of disability, from engaging in any occupation or employment for wage or profit, under the terms of the policies; that thereupon the Company had resumed waiving the premiums and making the disability payments until the 17th of March, 1944, at which time it had again suspended payment, claiming that the Plaintiff was no longer totally and permanently disabled under the terms of the said policies. The prayer was that the Court determine whether or not the Insured was entitled to receive, and the Defendant required to make, disability payments for the alleged disability and to waive the premiums.

The Defendant moved to dismiss the complaint on the grounds that it failed to state facts upon which relief could be granted and that it did not involve a controversy the value of which, exclusive of interest and costs, exceeded the sum of $3,000 required to sustain a suit based upon diversity of citizenship. The motion was overruled. The Defendant in its answer

952

again denied that the value of the object sued for exceeded, exclusive of interest and costs, the sum of $3,000.

 The Court directed a verdict for the Plaintiff after excluding evidence similar to that which it had ruled out in Prudential Insurance Company of America v. Battershill, 5 Cir., 154 F.2d 947, but we do not feel free to decide the present case on the basis of, and for the reasons set out in, the Battershill case because we are of the opinion that the lower Court had no jurisdiction and, therefore, this Court has no jurisdiction to pass upon the merits of the case.

It will be noted that the Plaintiff did not file a petition in the former suit, wherein a declaratory judgment had been rendered in 1938, and ask for further or ancillary relief in conformity with § 400(2), Title 28, U.S.C.A., but he filed instead an independent suit wherein the requisite jurisdictional amount in controversy should clearly have been shown in his complaint.

 The total amount that the Plaintiff could have recovered at the time of filing the suit was $515.35, plus a reasonable attorney's fee, which, with only $515 involved, could not have made up the difference between that amount and an excess of $3,000. In the light of the amount actually in controversy a claim for an attorney's fee of approximately $2,500 would have been grossly unreasonable and highly colorable. This was not a suit for an injunction where the value of the right sought to be protected is the test of the amount in controversy. It was not an ancillary proceeding. Federal courts have no jurisdiction in a proceeding for a declaratory judgment except in cases of actual controversy. The allegations attempting to measure the amount in controversy by the disability payments during the life expectancy of the Insured, plus the reserve which it is alleged the Company must set aside, plus the amount of premiums to be waived in the future, in the absence of an attempt by the Insurer to cancel the policy, are insufficient to show a present, or actual, controversy involving an amount in excess of $3,000. See Travelers Insurance Company v. Wechsler, D.C., 34 F.Supp. 717, and Travelers Insurance Company v. Wechsler, D.C., 34 F.Supp. 721, wherein the cases of Mutual Benefit Health & Accident Association v. Fortenberry, 5 Cir., 98 F.2d 570, and Ballard v. Mutual Life Insurance Company, 5 Cir., 109 F.2d 388, are

distinguished from a case having jurisdictional allegations like those in the instant case by showing that in the Fortenberry and Ballard cases the Company sought to cancel the entire policies involved. See also Mutual Life Insurance Company of New York v. Moyle, 4 Cir., 116 F.2d 434; Wright v. Mutual Life Insurance Company of New York, 5 Cir., 19 F.2d 117; Button v. Mutual Life Insurance Company, D.C., 48 F.Supp. 168; and Mutual Life Insurance Company v. Temple, D.C., 56 F.Supp. 737.

The motion of the Defendant to dismiss the case for lack of jurisdiction should have been sustained. The judgment of the Court below is reversed and the cause is remanded to the Court below with instructions to dismiss it.

Reversed and remanded.

SIBLEY, Circuit Judge (concurring).

The policy in this case promises on the occurrence of the disability it defines to waive payment of premiums "during such disability" and to make monthly payments "during its continuance." Greenfield's policy with the New York Life Ins. Co. in the companion case to this today decided promises payments "during the period of continuous total disability." The continuance of the disability is open to enquiry as to each payment. A declaratory judgment cannot settle this fact question beyond the date of its rendition. Only premiums to be waived and payments to be made prior to that date can ordinarily be included in the amount in a controversy as to a state of health.

Mutual Benefit Ass'n v. Fortenberry, 5 Cir., 98 F.2d 570, does not bear on the question. It was a suit brought by the insurer to cancel the entire policy for fraud. The whole value of the policy was in controversy, and not merely the disability payments which the insured was then claiming.

In Ballard v. Mutual Life Ins. Co., 5 Cir., 109 F.2d 388, a declaratory judgment was sought by the insurer touching its liability for disability payments, but the record shows that there was consolidated with it a suit to enjoin pending actions in state courts for such payments, and to permanently enjoin the bringing of any more such actions under the policy. The appeal was from the grant of a temporary injunction and the jurisdiction to grant the injunction was in question; not that to make a declaratory judgment. The injunction which was prayed for, if finally grant-

ed, would destroy all right to claim at any time any disability payments, and would be in effect a cancellation of that part of the policy, as the opinion assumes. The whole value of that part of the policy was put in controversy by the pleadings. Before this court ruled on the temporary injunction, more than $3000 of disability payments were actually due, if any were.

In the present cases only present disability payments and presently waivable premiums are in controversy, not the whole disability insurance.