## NEW YORK LIFE INS. CO. v. GREENFIELD.

### No. 11458.

Circuit Court of Appeals, Fifth Circuit.

April 5, 1946.

L. S. Julian, of Miami, Fla., for appellant.

Phares N. Hiatt and Abe Aronovitz, both of Miami, Fla., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

In view of the holding of this Court in the case of Travelers Insurance Co. v. Greenfield, 5 Cir., 154 F.2d 950, that the amount in controversy was the total of the monthly disability payments unpaid at the time of the filing of the suit, which in the present case was $1,250, the claim of the Plaintiff for a reasonable attorney's fee could not, even if added to the small amount involved, total an amount in excess of $3,000. The Plaintiff claimed only a reasonable attorney's fee without specifying any particular sum, and any amount in controversy in excess of $1,250, therefore, was not made clearly to appear; but even if there had been a claim for a definite sum as an attorney's fee in an amount sufficient to bring the total demand in excess of $3,-000, such a claim for attorney's fee would be so unreasonable that the Court would hold same to be colorable and insufficient for the purpose of giving jurisdiction to the Court.

The Federal Court is one of limited jurisdiction and in every case the jurisdictional facts must be alleged affirmatively or the Court is without jurisdiction. 54 Amer.Jur., United States Courts, §§ 10, 138, and 140. See also § 80, Title 28, U.S.C.A.

The allegations in the complaint were insufficient to confer jurisdiction on the Court below for the reasons set out in the opinion in Travelers Insurance Co. v. Greenfield, supra.

The judgment below is reversed and the cause remanded with instructions to the lower Court to dismiss the complaint.

Reversed and remanded.