47 F.3d 1173
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
RIUNIONE ADRIATICA DI SICURTA also known as Adriatic
Insurance Company, a Foreign Corporation, Plaintiff/Appellee,
v.
Theodore ROBERTSON, Defendant/Appellant.
 No. 94-2144.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 15, 1994.
Decided Feb. 17, 1995.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 93 C 3538; George M. Marovich, Judge.
 N.D.Ill.,
 VACATED.
 Before COFFEY, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Riunione Adriatica Di Sicurta (Riunione) issued an insurance policy to a detective agency. A security guard employed by the detective agency shot and injured Theodore Robertson. Robertson brought a tort action in state court. Riunione then filed this action for a declaratory judgment to establish whether Riunione has a duty to defend and indemnify the detective agency. The district court granted Riunione's motion for summary judgment. It decided that an assault and battery exclusion in the policy precluded coverage for Robertson's underlying state lawsuit. Robertson now appeals. We vacate the judgment and remand for the district court to determine whether the amount in controversy requirement for federal diversity jurisdiction has been met, and, if the amount in controversy is adequate, to determine whether the additional count VI proposed by Robertson had been amended to the underlying state complaint.
 
 I. Background
 
 2
 Riunione, an Italian insurance company, sold an insurance policy to Dolores Brown d/b/a Metropolitan Detective Agency (Metropolitan). Metropolitan provides security services. In July 1990, one of Metropolitan's employees, Bellam Cole, shot and injured Theodore Robertson during a robbery at a shopping center on the south side of Chicago.
 
 
 3
 In reaction to the shooting and his injury, Robertson filed a personal injury lawsuit in Illinois state court for $30,000 against the shopping center, Brown, Metropolitan, Bellam Cole, and various others. Count III, labeled "Battery," alleges that Cole was trying to prevent a robbery and shot Robertson, a lawful pedestrian. Count IV alleges that Metropolitan failed to screen Cole for a violent disposition and, hence, negligently hired him. Count V alleges that Metropolitan failed to train Cole properly in the use of firearms.
 
 
 4
 Riunione filed this action for a declaratory judgment to establish whether it has a duty to defend and indemnify under an insurance policy issued to Dolores Brown d/b/a Metropolitan Detective Agency.[1] Subject matter jurisdiction was premised on diversity of citizenship. The insurance policy provides that Riunione shall have a duty to defend its insured, Metropolitan, against any suit for bodily injury or property damage. The policy obligates Riunione to pay any damages assessed against Metropolitan for bodily injury or property damage. However, the policy contains the following exclusion, labelled "Assault and Battery Exclusion" (emphasis added):
 
 
 5
 It is agreed that the insurance does not apply to bodily injury or property damage arising out of assault and battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the Insured, his employees, patrons or any other person.
 
 
 6
 Riunione filed a motion for summary judgment based upon the language of the insurance policy and the allegations of the underlying complaint. The district court granted the motion, concluding that the underlying complaint alleged a battery and, hence, the assault and battery exclusion precluded coverage. Robertson appeals.
 
 II. Discussion
 1.
 
 7
 Although neither party raises the issue, the amount in controversy in this case appears to be inadequate. The court can address this issue sua sponte. Gibbs v. Buck, 307 U.S. 66, 72 (1939). Diversity jurisdiction requires an amount in controversy of greater than $50,000. 28 U.S.C. Sec. 1332(a)(1). "In an action for declaratory judgment, the amount in controversy is measured by the amount of the object of the obligation." Hunt v. Washington State Apple Ad. Comm'n, 432 U.S. 333, 347-48 (1977). From Riunione's perspective, the amount in controversy would be the personal injury damages plus the costs of defending the suit. See Stonewall Ins. Co. v. Lopez, 544 F.2d 198, 199 (5th Cir.1976) (per curiam) ("The pecuniary value of the obligation to defend the separate lawsuit is properly considered in determining the existence of the jurisdictional amount....").
 
 
 8
 In the underlying complaint, there are various counts alleged against Metropolitan: vicarious liability for Cole's action, negligent hiring, and negligent training. Each count asks for a sum of $30,000 to compensate the plaintiff for his injury.[2] However, the plaintiff has a single injury. Consequently, it appears that Robertson has demanded a single sum of $30,000 from Metropolitan, but has alleged alternative theories of recovery.
 
 
 9
 Riunione has alleged in its federal complaint that the amount in controversy is greater than $50,000. "In determining whether the amount in controversy exceed $50,000 it must 'appear to a legal certainty that the claim is really for less than the jurisdictional amount.' " Sharp Elec. Corp. v. Copy Plus, Inc., 939 F.2d 513, 515 (7th Cir.1991) (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). St. Paul Mercury Indemnity Co. explains that "if, from the proofs, the court is satisfied to a [legal] certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." St. Paul Mercury Indemnity Co., 303 U.S. at 289.
 
 
 10
 Because Robertson demands $30,000, the costs of defense must exceed $20,000 in order to meet the jurisdictional requirement. Presumably, Riunione's expense would be mainly attorney's fees. "The law is now quite settled that attorney's fees are a part of the matter in controversy when they are provided for by contract or state statute; but only a reasonable attorney's fee may be included." 14 Charles A. Wright et al., Federal Practice and Procedure Sec. 3712 (1976) (citations omitted). See also Sarnoff v. American Home Products Corp., 798 F.2d 1075, 1078 (7th Cir.1986) ("a reasonable estimate of [attorney's] fees may be included in determining whether the jurisdictional minimum is satisfied."). Additionally, because this suit seeks a declaratory judgment, prejudgment interest does not apply.
 
 
 11
 To meet the jurisdictional minimum, Riunione must show that an estimated expense of $20,000 to defend a lawsuit worth $30,000 is not unreasonable to a legal certainty. See Travelers Ins. Co. v. Greenfield, 154 F.2d 950, 952 (5th Cir.1946) (for a jurisdictional minimum of $3,000, "a claim for an attorney's fee of approximately $2,500 would have been grossly unreasonable and highly colorable."). It is not apparent to us that the addition of reasonable attorney's fees to a $30,000 claim would raise the amount in controversy in this case to greater than $50,000. Of course, if the district court determines that the amount in controversy requirement has been met, then the question of whether Riunione has a duty to defend must be answered.
 
 2.
 
 12
 In response to Riunione's motion for summary judgment, Robertson stated that he had been granted leave to file an additional count to amend the underlying state complaint. This additional count, proposed Count VI, provides, in part, that the security officer:
 
 
 13
 (c) Negligently discharged a gun when they [sic] did not intend to;
 
 
 14
 (d) Otherwise negligently and unintentionally shot the plaintiff;
 
 
 15
 The record on appeal does not reveal whether the underlying complaint in the state court action was in fact amended to include Count VI. If the district court determines that the requirements for diversity jurisdiction are met, the district court should determine whether this count was part of the underlying complaint in the state court.
 
 III. Conclusion
 
 16
 Accordingly, we vacate the judgment and remand the case to the district court to determine whether the amount in controversy requirement for federal diversity jurisdiction has been satisfied and, if the amount in controversy is adequate, whether Robertson's proposed Count VI amended the underlying state court complaint. Should the case return to this court, the parties shall file supplemental briefs on the applicability of this court's holding in Grinnell Mut. Reinsurance Co. v. Reinke, No. 94-2555, slip op. (7th Cir. Jan. 3, 1995). The parties shall bear their own costs in this court.
 
 
 17
 IT IS SO ORDERED.
 
 
 
 [1]
 The complaint named Robertson, Cole, Metropolitan, and Metropolitan's owner as defendants. Except for Robertson, all parties defaulted
 
 
 [2]
 The prayer for relief in each count reads: "WHEREFORE, Plaintiff, THEODORE ROBERTSON, prays for entry of judgment in his favor ... in an amount in excess of THIRTY THOUSAND ($30,000) DOLLARS as and for compensatory damages plus the costs of this suit." There is no sum total at the end of the complaint. Also, the insurance policy specifically excludes coverage for punitive damages