**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**Machel HILBUN, Defendant.**

**Civ. A. No. J88–0002(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 24, 1988.

---

Stephen P. Kruger, Upshaw, Williams, Biggers, Page & Kruger, Jackson, Miss., for plaintiff.

David Ringer, Florence, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Machel Hilbun to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff Allstate Insurance Company (Allstate) timely responded to the motion and the court has considered the memoranda of authorities together with attachments submitted by the parties.

Plaintiff Allstate brought this declaratory judgment action against defendant pursuant to 28 U.S.C. § 2201. Jurisdiction is claimed to exist under 28 U.S.C. § 1332, diversity of citizenship. Section 1332 states in pertinent part that

(A) the District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000.00, exclusive of interest and costs, and is between—

(1) citizens of different states[.]

Although defendant concedes that her citizenship is diverse from that of Allstate, she contends that dismissal is appropriate for lack of subject matter jurisdiction because the amount in controversy does not exceed $10,000 as required by section 1332. It is clear, however, that the potential liability of plaintiff far exceeds the statutory jurisdictional amount and that defendant's motion should therefore be denied.

The instant controversy has resulted from an automobile accident on October 30, 1987 involving the vehicle which defendant was driving as well as two other automobiles, one driven by David Richardson and the other by Ellen Crawford. At the time of the accident, defendant was an insured under a policy of automobile insurance with Allstate which provided uninsured motorist bodily injury coverage with limits of $100,000 per person and $300,000 per occurrence.[1] Following the collision, defendant made demand upon the insurance carriers for both Richardson and Crawford for payment of all damages she had sustained in the accident. Richardson's carrier denied coverage claiming that the accident was

---

1. The Allstate policy was issued to defendant's father, Robert Bruce Hilbun. As a resident of

caused by the negligence of Crawford; Crawford's carrier claimed that Richardson's negligence caused the collision.

In addition to her claims against the other drivers' insurers, defendant also made demand upon Allstate to determine whether the respective carriers for Richardson and Crawford regarded themselves as "having insurance coverage for the event" and if not, to pay her claims for all damages sustained in the accident under the uninsured motorist provision of the Allstate policy. However, since both Richardson's and Crawford's carriers had taken the position that plaintiff's claim was not covered, not because of a lack of coverage but rather because the accident was not the fault of their insureds, Allstate instituted this action seeking a declaratory judgment that neither Richardson nor Crawford is an uninsured motorist pursuant to applicable Mississippi law [2] and that it is therefore under no duty to pay any monies or assume any liability for damages sustained by the defendant. The limit of liability under the uninsured motorist provision of the Allstate policy at issue is $100,000 per person for bodily injury. Despite the fact that the limit of liability is in excess of $10,000, the requisite jurisdictional amount for diversity jurisdiction, defendant contends that this cause must be dismissed for lack of subject matter jurisdiction since "the actual damages/injuries sustained by me and unto the vehicle in which I was driving are not at this time, in excess of $10,000.00." [3]

■ In actions for declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983). That is, the amount in controversy "is the value of the right to be protected or the extent of the injury to be prevented." *Id.* In the case at bar, the "object of the litigation" is the policy and the "value of the right to be protected" is plaintiff's potential liability under that policy. The plaintiff here, Allstate, seeks to be relieved of all possible liability, up to the limits of the policy, amd this runs in excess of $10,000. "It is the value of this right which [plaintiff] seeks to protect in this proceeding and meets the test of jurisdiction." *Travelers Insurance Company v. Young*, 18 F.Supp. 450 (D.N.J. 1937); *see also Commercial Casualty Insurance Company v. Humphrey*, 13 F.Supp. 174 (S.D.Tex.1935) (test of jurisdiction in declaratory judgment action by insurer is not what defendant may claim under policy but rather maximum amount for which plaintiff may be liable under policy); *cf. Stonewall Insurance Company v. Lopez*, 544 F.2d 198, 199 (5th Cir. 1976) (amount in controversy not limited to potential liability under insurance contract but includes pecuniary value of insurer's obligation to defend).

■ It is generally accepted that the amount claimed by the plaintiff is controlling for purposes of determining the jurisdictional amount, if that claim is made in good faith, unless it is established "to a legal certainty" that plaintiff's claim is for less than the jurisdictional amount. *Payne v. State Farm Mutual Automobile Insurance Company*, 266 F.2d 63 (5th Cir.1959). The defendant in this action, who, but for the fact that this is a declaratory judgment action would normally be the plaintiff, has at no time in this litigation stated the actual amount of damages which she is claiming. In fact, she has made no formal claim in this lawsuit against Allstate, although she has moved, contemporaneously with answering plaintiff's complaint, for a deter-

---

her parents' household, defendant was an insured under the terms of the policy.

**2.** Under Miss. Code Ann. § 83–11–103(c)(ii) (Supp.1981), an uninsured motor vehicle is defined as, *inter alia,* "[a] motor vehicle to which there is [bodily injury liability] insurance in existence, but the insurance company writing the same has legally denied coverage thereunder...." Plaintiff brought this action to determine whether or not Richardson and/or Crawford are statutory uninsured motorists and to

declare plaintiff's obligations to defendant under its policy of insurance.

**3.** This assertion was first made by defendant in an affidavit filed in this cause on February 12, 1988. This same statement was repeated in her memorandum in support of her motion to dismiss:

The actual damages or injuries sustained by Machel Hilbun and unto the vehicle in which she was driving, are not at this time in excess of Ten–Thousand Dollars ($10,000).

mination as to whether she must file before this court a compulsory counterclaim against Allstate for her damages.[4] The only statement defendant has made concerning her damages is that they are "at this time" not in excess of $10,000. Plaintiff's interesting choice of phraseology certainly leaves open a possibility that she will ultimately seek more than $10,000 in actual damages. Moreover, defendant, in correspondence with Allstate and in answer to Allstate's complaint for declaratory relief, has threatened—in fact, promised—to seek punitive damages from plaintiff for what defendant describes as plaintiff's willful and wanton refusal to pay benefits under the policy. Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable. *Bell v. Preferred Life Assurance Society,* 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943). And, since under Mississippi law there is a recognized cause of action for "bad faith" failure to pay in an insurance context which may give rise to a claim for punitive damages, *Employers Mutual Casualty Company v. Tompkins,* 490 So.2d 897 (Miss.1986), then any amount sought by defendant against Allstate in punitive damages could be included within the "amount in controversy."

Although defendant has not yet instituted her counterclaim against Allstate, including the "promised" claim for punitive damages, it is clear that the right to be protected or the extent of injury to be prevented, as far as Allstate is concerned, is not only the underlying uninsured motorist claim, governed by the policy limits of $100,000, but also preclusion of a promised bad faith suit against it. In the court's view, even in the absence of any claim for punitive damages against Allstate, its potential exposure extends to the $100,000 limit of liability under the uninsured motorist provision of the policy. With the addition of a claim for punitive damages, not only threatened but promised by defendant, plaintiff's potential liability could exceed even that amount. It is clear, therefore, that the "amount in controversy" extends well beyond the $10,000 established by 28 U.S.C. § 1332. It follows, therefore, that jurisdiction is proper in this court.

Accordingly, it is ordered that defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

---

4. Included in defendant's answer is a motion for a determination of the necessity of defendant's filing a compulsory counterclaim against Allstate pursuant to Rule 13 of the Federal Rules of Civil Procedure. She took this approach rather than actually filing a counterclaim seeking damages from Allstate because she allegedly believed she might be "inadvertently waiving her ... defense of lack of subject matter jurisdiction" by filing such a counterclaim. However, a defense based on lack of subject matter jurisdiction is not waivable; it can, in fact, be raised by the court *sua sponte* and can be raised at any time, even on appeal. A court's lack of subject matter jurisdiction may even form the basis of a collateral attack upon any judgment by that court. Accordingly, defendant's professed fears of waiving any objection to subject matter jurisdiction are unfounded.