David **MALEY**

v.

**DESIGN BENEFITS PLAN, INC., (formerly known as National Group Marketing Corporation)**

**No. 1:00–CV–625.**

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 29, 2000.

---

I Nelson Hegen, Houston, TX, for plaintiff.

Yasmin Atasi, James Keith Russell, Winstead Sechrest & Minick, Houston, TX, for defendant.

### MEMORANDUM OPINION

COBB, District Judge.

This is a dispute over an insurance agent's commissions. Plaintiff David Maley moves to remand this diversity case to the Texas state court where it was originally filed because, he alleges, the requisite amount in controversy is not present. Defendant Design Benefits Plan, Inc. responds to this motion by showing by a preponderance of the evidence that Plaintiff's breach of contract, fraud, and conspiracy claims do involve a jurisdictionally sufficient amount in controversy. The Court, therefore, denies Plaintiff's motion to remand.

### I. Facts

Defendant is a marketing company that markets insurance policies for various insurance companies. Defendant employed agents to market the policies, and Plaintiff was one of those agents. Pursuant to various commissions agreements entered into by the parties, Maley was entitled to lifetime commissions on renewals of policies sold under his name and for policies originated by agents working under him. At some point, Defendant allegedly stopped sending Plaintiff's commissions to him. Plaintiff thereafter brought suit in Texas state court alleging breach of contract, fraud, and conspiracy. Plaintiff sought an award of actual and exemplary damages, attorneys' fees, pre and post-judgment interest, and costs in his action against Defendant. He contended specifically that he was entitled to an award of exemplary damages because, among other things, "Defendant ... acted with an evil intent to benefit itself and to harm Plaintiff and *others similarly situated.*" (Pl.'s Orig. Pet., at 4 (emphasis added)). In accordance with Texas law, no specific sum was sought in Plaintiff's state court petition. Plaintiff simply stated that he had "been damaged in an amount in excess of the minimum jurisdictional limits of this Court." (Pl.'s Orig. Pet., at 3).

Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, alleging that this Court has jurisdiction based on the parties' diversity of citizenship. In its notice of removal, Defendant stated that "[b]ased on the allegations in the state court petition, the amount in controversy exceeds the requirements of 28 U.S.C. § 1332" and that Design Benefits is an Illinois corporation with its principal place of business in Indiana.

Plaintiff moved to remand the case pursuant to an alleged defect in the removal procedure. *See* 28 U.S.C. § 1446(a).

### II. Discussion

█ The sole question before this Court is whether the amount in controversy exceeds $75,000. This question is complicated by Texas law, which provides that plaintiffs may not specify the numerical value of the damage claim. *See* Tex.

R.Civ.P. 47(b). Plaintiff Maley, in accordance with this law, did not specify an amount in controversy in his state court petition. The Fifth Circuit has stated that, in such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.1999); *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993). "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.' " *Luckett,* 171 F.3d at 298 (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995)).

█ Defendant has met its burden of showing that it is more likely than not that the amount in controversy exceeds jurisdictional minimum of $75,000. It is facially apparent from the petition filed in state court that it is more likely than not that the amount in controversy exceeds $75,000. But even if that were not the case, Defendant has produced sufficient facts—summary judgment like facts—to support a finding of the requisite amount in controversy.

### A. Facial Apparentness

The face of Plaintiff's state court petition demonstrates that it is more likely than not that this case exceeds the jurisdictional minimum of $75,000. First, the nature of the causes of action brought by Maley and factual context surrounding those claims indicate that this case involves more than the jurisdictional minimum. Plaintiff has brought a breach of contract action against Defendant. This action arises out of the alleged breach of several commissions agreements entered into by the parties that, Maley argues, call for him to receive "lifetime commission on renewals of policies sold under his name

and for policies originated by agents working for him." (Pl.'s Orig. Pet., at 2.) Maley also charges fraud and conspiracy against Defendant based on allegedly false representations concerning the vesting requirements of the commission agreements. These causes of action brought by a district and regional manager of an insurance marketer indicate that this case involves at least the jurisdictional minimum.

But the array of damages Plaintiff seeks for these alleged injuries also indicates that the jurisdictional minimum is met. Maley seeks actual damages, exemplary damages, attorneys' fees, pre and post-judgment interest, and costs. This Court is to consider actual damages, attorney's fees, *see Foret v. Southern Farm Bureau Life Ins. Co.,* 918 F.2d 534, 536 (5th Cir. 1990) ("[A]ttorney's fees may be included in determining the jurisdictional amount."); 28 U.S.C. § 1332(a) ("where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs ..."), and exemplary damages, *see Allstate Ins. Co. v. Hilbun,* 692 F.Supp. 698, 700 (S.D.Miss.1988) (citing *Bell v. Preferred Life Assurance Soc.,* 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943)) ("Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable."); Tex.Civ.Prac. & Rem.Code Ann. § 38.001 (Vernon 1986) ("A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for ... an oral or written contract."). Plaintiff makes a point of stressing that Defendant's allegedly intentional, willful and wanton actions were done with evil intent with respect not only to Plaintiff, but also to "others similarly situated." (Pl.'s Orig. Pet., at 4). These damages claims buttress a finding of the requisite amount in controversy when combined with the nature of the causes of action and the factual context surrounding the case.

Although the Court is not certain that Plaintiff will recover more than $75,000 (or anything for that matter), from the face of the state court petition, it is more likely than not that Plaintiff's claims exceed the jurisdictional minimum.

### B. Other Facts Showing Amount In Controversy

Defendant has also set forth facts that support a finding of the requisite amount in controversy. Maley alleges that Design Benefit falsely claimed to have paid amounts that were due him to the Internal Revenue Service. Defendant has offered evidence that this amounts to approximately $20,000. (Def.'s Resp. Pl.'s Mot. Remand, at 3–4). Defendant also offers evidence that commissions paid to Maley after he left Design Benefit totaled approximately $102,850. (Def.'s Resp. Pl.'s Mot. Remand, at 4). Finally, Defendant offered Maley's testimony in a related lawsuit to show that Maley's claim would more likely than not be greater than the requisite amount in controversy. (Def.'s Resp. Pl.'s Mot. Remand, at 8).

Although the Court, again, is not certain that Plaintiff will recover these amounts, it is more likely than not that Plaintiff's claims exceed the jurisdictional minimum.

### C. Plaintiff's Rebuttal

■ Once a defendant has shown that the amount in controversy exceeds the jurisdictional minimum, removal is proper, and "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *De Aguilar*, 47 F.3d at 1412. Parties seeking to prevent removal may meet this legal certainty standard by offering a binding stipulation to prove to a legal certainty that recovery will not exceed the jurisdictional minimum, but that stipulation must be filed in the state court before removal occurs. *See De Aguilar*, 47 F.3d at 1412, 14C Wright,

Miller, & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3726 (1998).

Plaintiff is not required, contrary to Defendant's suggestion, to submit such a stipulation. But to justify dismissal of this case, he must somehow prove to a legal certainty that his claim is really for less than the jurisdictional amount. Plaintiff has not met this burden. He has not even argued that the damages are less than the jurisdictional minimum. There, consequently, is no evidence before the Court that suggests to a legal certainty that Plaintiff's claims are for less than the jurisdictional minimum.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED.