Cortni ACOSTA, Plaintiff,

v.

**DRURY INNS, INC. d/b/a Staybridge Suites and Drury Southwest, Inc., Defendant.**

**Civil Action No: SA–05–CA–0096–XR.**

United States District Court,
W.D. Texas,
San Antonio Division.

March 31, 2005.

Christopher J. McKinney, McKinney & Webster, PC, San Antonio, TX, for Plaintiff.

John Joseph Franco, Jr., Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Lawrence D. Smith, Ogletree, Deakins, Nash, et al., San Antonio, TX, Gerald M. Richardson, The Lowenbaum Partnership, L.L.C., for Defendant.

## ORDER

RODRIGUEZ, District Judge.

On this date the Court considered Plaintiff's Motion to Remand. Defendant removed this case from state court to this Court based on diversity of citizenship and its assertion that it is facially apparent from Plaintiff's Original Petition that the amount in controversy jurisdictional requirement is met. After considering Plaintiff's motion, as well as Defendants' response and the pleadings, the Court is of the opinion that the motion to remand should be DENIED (docket no. 9).

## I. Factual and Procedural Background

According to Plaintiff's Original Petition filed in state court, Plaintiff began working for Staybridge Suites—San Antonio in June of 2003. She alleges that although she was pregnant at the time she was hired, she did not appear pregnant and that fact was not made known. She alleges that once it became known she was pregnant she was removed from her desk service agent duties by her supervisor and assigned kitchen duties that required heavy manual labor. She alleges that she injured herself performing the kitchen duties and that when she presented her medical restrictions her supervisor informed her that she was discharged because her pregnancy prevented her from performing her duties. She alleges she sought a transfer back to her desk servant agent position, but that transfer was denied. She was discharged effective August 4, 2003. She also alleges that after her delivery her doctor removed all medical restrictions and she again sought employment, but that she was refused employment on or about October 14, 2003. She alleges that she was discriminated and retaliated against because of her pregnancy in violation of the Texas Commission on Human Rights Act. She seeks damages for past and future economic losses, mental anguish and also seeks punitive damages.

After Defendants removed this action, Plaintiff filed a motion for remand arguing that there is not complete diversity of citizenship and that there is an insufficient amount in controversy. Defendants argue that Drury Southwest, Inc. was fraudulently joined and it is facially apparent that Plaintiff's claims will exceed the $75,000 jurisdictional amount.

## II. Analysis

### A. Fraudulent Joinder

Plaintiff is a Texas citizen. Drury Inns, Inc. is a Missouri corporation, and maintains its principal place of business in Missouri. Drury Southwest, Inc. is also a Missouri corporation, but maintains its principal place of business in Texas.

■■■ Defendants bear the burden of establishing that Drury Southwest, Inc. was fraudulently joined. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir.2000). "To prove their allegation of fraudulent joinder, [removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the non-diverse defendant] in state court." *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992). The court must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *Id.* The court then determines whether the plaintiff has any possibility of recovery against the party whose joinder is questioned. *Id.* Fraudulent joinder claims can be resolved by "piercing the pleadings" and considering summary judgment-type evidence such as affidavits and deposition testimony. *Hart*, 199 F.3d at 247.

Plaintiff alleges that she was employed by both defendants and they were "joint employers." Drury Southwest, Inc., through the affidavit of Herb Wedemeier[1], testified that it owns the real estate, building and franchise rights of the Staybridge Suites. Wedemeier further states that Drury Southwest, Inc. contracted with Drury Inns, Inc. to manage and operate every aspect of the hotel. Wedemeier states that Drury Inns, Inc. employs all employees at the location and that Plaintiff was not an employee of Drury Southwest, Inc. Wedemeier also states that Drury Southwest, Inc. had no authority to hire or fire Plaintiff and did not take any actions with respect to Plaintiff's employment.

■■■ In deciding whether distinct entities are "joint employers" of an individual for Title VII purposes[2], the courts look at (1) the interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983). The critical issue is which entity made the final decision regarding the employment matters at issue. *Id. See also Deal v. State Farm County Mut. Ins. Co. of Texas*, 5 F.3d 117, 118 (5th Cir. 1993)("The right to control an employee's conduct is the most important component of this test. When examining the control component, we have focused on whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule. The economic realities component of our test has focused on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment.").

■■■ In this case, Plaintiff has merely stated in a conclusory fashion that she was employed by both entities. She has pled no facts that allege that Drury Southwest, Inc. controlled in any fashion her work duties. Plaintiff has not pled, much less provided any evidence, that Drury Southwest, Inc. had the right to hire and fire her, the right to supervise or set her work

---

1. Plaintiff objections (docket no. 13) to this Affidavit are overruled.

2. The Texas Commission on Human Rights Act is the state counterpart to Title VII of the Civil Rights Act.

schedule. She has not pled that Drury Southwest, Inc. paid her salary, withheld any taxes, provided any benefits, or set any terms and conditions of her employment.

Plaintiff has provided an assumed name certificate that Drury Southwest, Inc. has filed in Bexar County, Texas. The certificate states that Drury Southwest, Inc. also does business as Staybridge Suites—San Antonio Airport.[3] However, this certificate merely confirms what Wedemeier has testified to—that Drury Southwest, Inc. owns the real estate, building and franchise rights of the Staybridge Suites. The certificate is no evidence that Drury Southwest Inc. controlled Plaintiff's employment.

■ Applying Texas law to the facts pled in this case produces no different result. To establish a claim under the Texas Commission on Human Rights Act, a plaintiff must show: (1) that the defendant is an employer within the statutory definition of the Act; (2) that some sort of employment relationship exists between the plaintiff and a third party; and (3) that the defendant controlled access to the plaintiff's employment opportunities and denied or interfered with that access based on unlawful criteria. *NME Hospitals, Inc. v. Rennels*, 994 S.W.2d 142, 147 (Tex.1999).

In her Reply brief, Plaintiff argues that Drury Southwest, Inc. "took responsibility for all dealings with the Texas Workforce Commission with regard to Ms. Acosta's claim for unemployment compensation benefits." She also attaches to her reply brief a document that she believes is a TWFC agency determination that "Drury

Southwest was Ms. Acosta's employer and that Southwest would be charged for whatever unemployment benefits she received." The attached documents, however, reference Drury Hotel, Inc. and Drury South Inc.[4] Despite Plaintiff's argument, neither document references Drury Southwest, Inc.

Again, Plaintiff does not plead that Drury Southwest, Inc. controlled access to her employment and denied or interfered with that employment. Drury Southwest, Inc. has established that it was fraudulently joined.

**B. Amount in Controversy**

■ "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938). A plaintiff who does not "desire to try his case in federal court ... may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *Id.* at 294, 58 S.Ct. 586. The face of the plaintiff's pleading will not control, however, if made in bad faith. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir.1995). The party seeking to maintain federal jurisdiction is required to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir.2002). When the case is one that has been removed from state court, such party may satisfy this burden in either of two ways: (1) by

---

**3.** Drury Southwest, Inc. also does business as: Best Western Posada Ana Inn–Medical Center, Drury Inn & Suites–Austin North, Drury Inn & Suites–San Antonio Northwest, Drury Inn–McAllen, Drury Suites–McAllen, Hampton Inn–Dallas/ft. Worth Airport, Hampton Inn–McAllen, Pear Tree Inn–San Antonio Airport, and Posada Ana Inn.

**4.** Drury South Inc. is a Texas corporation, but is not named as a party to this lawsuit.

demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) "by setting forth *the facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995). "The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional threshold]." *De Aguilar,* 47 F.3d at 1412. If a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint. *Id.* at 1411. Plaintiff's obligation may be met in various ways, including the filing of a "binding stipulation or affidavit with [his] complaint[ ]." *Id.* at 1412; *Manguno v. Prudential Property & Casualty Ins. Co.,* 276 F.3d 720, 724 (5th Cir.2002); *Maley v. Design Benefits Plan, Inc.,* 125 F.Supp.2d 197, 200 (E.D.Tex. 2000).

Plaintiff's petition does not seek any specific amount. Rather, Plaintiff merely prays for past and future economic losses, past and future mental anguish, exemplary damages, attorney's fees and costs.

Defendant asserts Plaintiff's prayer for actual damages, compensatory damages, emotional distress damages, punitive damages, and attorney's fees supports the contention that it is "facially apparent" from the petition the amount in controversy exceeds $75,000. However, the Defendant must first show that under governing state law Plaintiff is entitled to be awarded the exemplary and punitive damages if they

are to be considered for determining whether the jurisdictional threshold has been met.

Section 21.2585(d)(4) of the Texas Labor Code entitles Plaintiff to recover up to $300,000 in punitive damages. Additionally, attorney's fees are recoverable for this claim under Tex. Lab.Code § 21.259. The Fifth Circuit has held that a request for punitive damages in itself may, under certain circumstances, support a finding that it is "facially apparent" the amount in controversy exceeds the threshold amount. *Allen v. R & H Oil and Gas Co.,* 63 F.3d 1326, 1336 (5th Cir.1995). In fact, in *Fields v. Keith,* No. 3:99–CV–2682, 2000 WL 748152, *5–6 (N.D.Tex.2000), the court analyzed a jurisdictional controversy under the assumption that the Plaintiff would prevail in all of the claims for damages. The court in *Fields* denied a motion to remand in part because the plaintiff's claims "for past and future lost earnings[,] ... lost earning capacity, mental anguish, emotional distress, physical distress, punitive damages and attorneys fees all support the conclusion *that if she ultimately prevails on all of her claims,* Plaintiff's damages exceeded $75,000 at the time of removal." *Id.* at *6 (emphasis added).[5]

 Taking into account the many different classifications of damages sought by Plaintiff, it is "facially apparent" from the petition that the claim exceeds jurisdictional limits.

## C. Procedural Defect

Plaintiff also argues that remand is required because of procedural defects in the Notice of Removal. Specifically, Defendants failed to include any allegations that diversity existed both at the time of re-

**5.** The court also based its ruling on the fact that the plaintiff had not "expressly stipulated that she [sought] damages for an amount less than the jurisdictional amount." *Fields v.* *Keith,* No. 3:99–CV–2682, 2000 WL 748152, at *3 (N.D.Tex.2000). In this case, Plaintiff makes no attempt at limiting the damages she seeks.

moval and at the time the case was commenced in state court.

In this case rather than specifically stating the citizenship of all parties to the state action and asserting Defendants' citizenship and principal place of business both when the state court action was filed and at the time of removal, Defendants merely repeated Plaintiff's allegations contained in her Petition. See Notice of Removal, paragraphs 5 and 6.

 Defendants clearly provided notice that they were relying upon diversity jurisdiction. Defects in the form or content of the removal papers are usually not jurisdictional and may be cured by amendment after removal; e.g., to correct mistakes or omissions, or to furnish the required copies of the state court file. *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir.1979), *cert. denied*, 449 U.S. 830, 101 S.Ct. 97, 66 L.Ed.2d 35 (1980); *UICI v. Gray*, 2002 WL 356753 (N.D.Tex. Mar. 1, 2002).

### III. Conclusion

Drury Southwest, Inc. was fraudulently joined. It is "facially apparent" from the initial pleadings that the amount in controversy is greater than the jurisdictional minimum. For the reasons stated herein, the court denies Defendants' Motion for Remand (docket no. 9) and grants Defendants' Motion for Leave to File an Amended Notice of Removal (such a request contained in its Response docket no. 12). The Amended Notice shall be filed within ten days. The defendants are cautioned that if they misrepresented any material facts in their Notice of Removal or Amended Notice, an award of sanctions may be assessed. The parties are to submit a joint proposed scheduling order within ten days.